**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WESTFIELD GROUP** | : | |
| **a/s/o CONNIE POWERS** | : | **Case No.** |
| **One Park Circle** | : | |
| **Westfield Center, OH  44251-5001** | : | **Judge:** |
| | : | |
| **Plaintiffs,** | : | **Magistrate Judge:** |
| | : | |
| | : | |
| **v.** | : | **COMPLAINT** |
| | : | |
| **ATICO INTERNATIONAL USA, INC.** | : | **JURY DEMAND** |
| **501 S. Andrews Avenue** | : | **ENDORSED HEREON** |
| **Ft. Lauderdale, FL 33301** | : | |
| | : | |
| **Defendants.** | : | |

Westfield Group, as subrogee of Connie Powers, (hereinafter "Plaintiff" or "Subrogee"), by and through its counsel, Nelson Levine de Luca & Horst, LLC, brings this Complaint against Defendant and, in support thereof, alleges the following:

**PARTIES**

1.      Plaintiff is a business entity organized and existing under the laws of the State of Ohio, with its principal place of business located at One Park Circle, Westfield Center, Ohio 44251.

2.      Plaintiff was duly authorized to engage in the business of insurance in Ohio at all relevant times.

3.      Plaintiff insured Connie Powers' (hereinafter, "Powers" or "subrogor") real and personal property located at 12870 Ailes Road, Anna, Ohio against the risk of fire pursuant to a validly issued insurance policy that was in force and effect at all relevant times.

4.      As a result of claims made on said policy and payments made pursuant thereto as a result of the subject fire hereinafter described, Plaintiff became subrogated to the rights, claims and interests of Powers for any monies paid her, including the claims giving rise to the within cause(s) of action.

5.      Defendant, Atico International USA, Inc., (hereinafter "Atico") is a corporate entity organized and existing under the laws of the State of Delaware with its principal place of business existing at 501 S. Andrews Avenue, Ft. Lauderdale, Florida 33301.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00 and Defendant regularly conducts business in Ohio and sells its products in Ohio.

7.      Venue is proper in this Court because the acts and occurrences complained of herein occurred in Shelby County, Ohio.

## FACTUAL BACKGROUND

8.      Defendant, Atico, designed, manufactured, assembled, marketed, sold, supplied and/or distributed a coffeemaker, (hereinafter, the "product").

9.      Defendant was regularly engaged in the business of designing, manufacturing, assembling, marketing, selling, supplying and/or distributing the product and did design, manufacture, assemble, market, sell, supply and/or distribute the product purchased by or on behalf of Plaintiff and which is the subject of this suit.

10.     On or about April 21, 2010, a fire caused by the catastrophic failure of, and that originated at, the product thereafter spread to the premises, causing extensive damage to Powers' real and personal property.

11.     As a result of the aforementioned fire, Powers sustained substantial damage to her real and personal property, as well as additional expenses, in an amount in excess of $75,000.00 which were, in whole or in part, paid for pursuant to Plaintiff's policy of insurance with Powers. As a result of said payments, Plaintiff became subrogated to certain recovery rights of its insured, and thereby seeks recovery from Defendant.

12.     To the extent these damages were covered under an insurance policy that Plaintiff had in full force and effect at that time with Powers, claim monies were paid to Powers consistent with that policy's terms and conditions.  As a result, Plaintiff has become subrogated to the claims asserted in this action.

## COUNT I – NEGLIGENCE

13.     Plaintiff incorporates herein by reference the above paragraphs as though the same were fully set forth at length.

14.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

    a.     failing to exercise reasonable care in the following manner:

        i.     failing to design, manufacture and sell a properly functioning product;

        ii.     failing to properly design, inspect, manufacture, assemble, distribute, provide warnings about, and/or test the product;

        iii.     failing to properly determine and/or ensure that the product was in compliance with applicable standards promulgated by Underwriters' Laboratories ("UL"), the National Electric Code ("NEC"), and/or other industry safety authorities; and/or

        iv.     selling the product when Defendant knew or should have known that it would be unsafe and/or unreasonably dangerous for its intended use.

3

        b.        failing to adequately instruct, train and supervise its employees, agents, technicians, and/or servants so as to avoid the problems set forth in subparagraph (a) i.–iv. above;

        c.        failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) i.–iv. above;

        d.        failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems set forth in subparagraph (a) i.–iv. above; and/or

        e.        failing to perform or refrain from performing the actions set forth in subparagraph (a) i.–iv. above in conformity with the prevailing industry and governmental specifications and standards.

15.    As a result of the damages directly and proximately caused by the negligence and carelessness of Defendant, Plaintiff was caused to pay for the damages sustained by its insured in an amount in excess of $75,000.00.

## COUNT II – STRICT PRODUCTS LIABILITY

16.    Plaintiff incorporates herein by reference the above paragraphs as though the same were fully set forth at length.

17.    The product was purchased by and/or for Powers' use.

18.    The product designed, assembled, manufactured, sold, supplied marketed and/or distributed by Defendant was defective, unreasonably dangerous, and unfit for its intended purpose because it contained manufacturing and/or design defects that caused it to malfunction catastrophically as described above.

19.    The product designed, assembled, manufactured, sold, supplied, marketed and/or distributed by Defendant was defective because it contained inadequate warnings necessary to apprise consumers, such as and including Powers, of any and all latent dangers and/or defects, which manifested as described above during intended and foreseeable use.

20.     Defendant is liable for the damages caused by its defective product pursuant to Ohio Revised Code Section 2307.73 and/or 2307.78.

21.     As a direct and proximate result of Powers' intended, proper and foreseeable use of the defective product, Plaintiff was caused to pay for the damages sustained by its insured in an amount in excess of $75,000.00.

22.     For these reasons, Defendant is strictly liable to Plaintiff for the damages sustained and more particularly described above.

**WHEREFORE**, Plaintiff, Westfield Group a/s/o Connie Powers, demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs of suit, delay damages, attorney fees, punitive damages and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

_/s/ Michael W. DeWitt_____
Michael W. DeWitt (0066896)
Nelson Levine de Luca & Horst, LLC
280 North High Street, Suite 920
Columbus, Ohio  43215
(614) 228-1398 (Telephone)
(614) 221-7529 (Facsimile)
mdewitt@nldhlaw.com
Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by a jury of twelve (12) members on all issues triable by right to a jury.

_/s/ Michael W. DeWitt_____
Michael W. DeWitt

Dated:   _3/17/11_____

5